SUMMONS IN A CIVIL ACTION COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV03516521 | D2 CM | 4443301 |

Rule 4 (B) Ohio

**RECEIVED**

Rules of Civil Procedure

**DEC 16 2003**

RICHARD M. KNOTH, ET AL   PLAINTIFF
vs
KELLER LADDERS, INC., ET AL   DEFENDANT

**SUMMONS** LILLIAN MACIA

  *Werner served 12-5-03*

JACUZZI BRANDS INC
FKA U S INDUSTRIES INC
777 S FLAGLER DR
SUITE 1100 - WEST

WEST PALM BEACH FL 33401-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:

Plantiff's Attorney

DAVID H WALLACE
3500 BP TOWER

200 PUBLIC SQUARE
CLEVELAND, OH 44114-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

DANIEL GAUL
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE |
|---|
| Dec 8, 2003 |

By _____ Jelly _____
Deputy

COMPLAINT FILED 12/05/2003

JACUZZI BRANDS INC
777 S FLAGLER DR
777 S FLAGLER DR
SUITE 1100 - WEST

*DOA filed 12/08/03*
*Case filed 1/00/03*



DEFENDANT'S EXHIBIT
A

CMSN130



RECEIVED

DEC 1 6 2003

LILLIAN MACIA

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| RICHARD M. KNOTH<br>2830 Sedgewick Road<br>Shaker Heights, OH 44120<br><br>and<br><br>PATRICIA A. KNOTH<br>2830 Sedgewick Road<br>Shaker Heights, OH 44120<br><br>Plaintiffs,<br><br>v.<br><br>KELLER LADDERS, INC.,<br>a/k/a KLI, INC.<br>220 W. Commercial Blvd.<br>Suite 202<br>Ft. Lauderdale, FL 33309<br><br>and<br><br>JACUZZI BRANDS, INC.<br>f/k/a U.S. INDUSTRIES, INC.<br>777 S. Flagler Dr.<br>Suite 1100 - West<br>West Palm Beach, FL 33401<br><br>and | CASE NO.<br><br>JUDGE  CV 03516521<br><br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT FOR MONEY DAMAGES**<br>(Jury Demand Endorsed Hereon) |

K0134646.1

| | |
|---|---|
| **WERNER LADDER CO.,** | ) |
| **a/k/a WERNER CO.,** | ) |
| **a/k/a R.D. WERNER COMPANY, INC.** | ) |
| **93 Werner Road** | ) |
| **Greenville, PA 16125-9499** | ) |
| | ) |
| and | ) |
| | ) |
| **JOHN DOE 1** | ) |
| **Address Unknown** | ) |
| | ) |
| and | ) |
| | ) |
| **JOHN DOE 2** | ) |
| **Address Unknown** | ) |
| | ) |
| and | ) |
| | ) |
| **JOHN DOE 3** | ) |
| **Address Unknown** | ) |
| **Defendants.** | ) |

Plaintiffs Richard M. Knoth ("Mr. Knoth") and Patricia A. Knoth ("Mrs. Knoth") (Mr. and Mrs. Knoth collectively referred to as "Plaintiffs"), for their Complaint against Defendants Keller Ladders, Inc. (a/k/a KLI Inc.), Jacuzzi Brands, Inc. (f/k/a U.S. Industries, Inc.), Werner Ladder Co. (a/k/a Werner Co.), John Doe 1, John Doe 2 and John Doe 3 (collectively referred to as "Defendants"), state as follows:

## COUNT I

### (Defective Product)

1. At all times relevant hereto, Plaintiffs were natural persons residing in Cuyahoga County, Ohio.

K0134646.1                                                         2

2. This Court has jurisdiction over the parties and over this matter pursuant to Ohio Revised Code Sections 2305.01 and 2307.382.

3. Venue is proper in Cuyahoga County pursuant to Ohio Civil Rule 3.

4. Defendants Keller Ladders, Inc. (a/k/a KLI, Inc.), Jacuzzi Brands, Inc. (f/k/a U.S. Industries, Inc.), Werner Ladder Co. (a/k/a Werner Co.), John Doe 1 and John Doe 2 (collectively hereinafter the "Manufacturing Defendants") designed, constructed, manufactured and distributed the 20 foot aluminum extension ladder which is the subject of this action and/or its component parts and/or are successors to the manufacturer of the subject ladder and are thereby liable for defects in the product.

5. On or about December 8, 2001, Mr. Knoth stepped onto the subject ladder when it failed during normal use, causing Mr. Knoth to fall in excess of 13 feet to the concrete floor below.

6. The subject ladder was defective in manufacture, construction, design or formulation when it left the control of the Manufacturing Defendants. The foreseeable risks associated with the design or formulation of the subject ladder exceeded the benefits associated with that design or formulation. Moreover, the subject ladder was more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

7. The subject ladder was defective due to inadequate warning or instruction. The Manufacturing Defendants failed to provide a warning or instruction of all of the risks and hazards associated with the subject ladder that proximately caused the harm to Mr. Knoth. The Manufacturing Defendants knew, or should have known, in the exercise of ordinary care, of the risks or hazards about which they failed to warn. Said risks and hazards were not open and obvious, or a matter of common knowledge.

8. The subject ladder was also defective due to inadequate post-marketing warning or instruction. The Manufacturing Defendants knew, or should have known in the exercise of ordinary care, of the risks or hazards which proximately caused Mr. Knoth's injuries. The Manufacturing Defendants failed to provide the post-marketing warning or instruction that a manufacturer exercising reasonable care would have provided concerning such risks or hazards in light of the likelihood that the subject ladder would cause the type of harm that it caused to Mr. Knoth.

9. The subject ladder did not conform to a representation made by the Manufacturing Defendants when it left their control. The subject ladder was not safe when used as directed.

10. The defects and/or failures to warn described above proximately caused Mr. Knoth to suffer severe and permanent injuries, including but not limited to multiple fractures of his arm, back, hip, elbow and wrist, and numerous internal injuries requiring multiple medical procedures and surgeries.

11. The subject ladder was <u>sold to Plaintiffs by Defendant John Doe 3.</u> *Retailer*

12. The subject ladder did not conform, when it left the possession of John Doe 3, to a representation made by John Doe 3, and such representation and failure to conform were a proximate cause of Mr. Knoth's injuries.

13. John Doe 3 is subject to liability as if it were the manufacturer of the subject ladder to the extent Mr. Knoth is unable to enforce a judgment against the manufacturer of the subject ladder due to its actual or asserted insolvency.

14. Upon information and belief, the injuries sustained by Mr. Knoth were the result of misconduct by the Manufacturing Defendants and/or John Doe 3 that manifested a flagrant disregard for the safety of persons who might be harmed by the subject ladder.

15. As a direct and proximate result of the foregoing, Mr. Knoth endured extreme pain and suffering, has incurred medical expenses, will incur further medical expense in the future, sustained a loss of earnings and a loss of future earning capacity, sustained psychological injury and has incurred severe emotional distress. Mr. Knoth is also entitled to punitive damages.

## COUNT II

### (Negligence)

16. Plaintiffs incorporate each of foregoing averments as if specifically repeated herein.

17. The Manufacturing Defendants were negligent in designing, manufacturing and failing to warn of the risks associated with the subject ladder.

K0134646.1                                     5

18. John Doe 3 was negligent in failing to warn of the risks associated with the subject ladder.

19. The harm caused to Mr. Knoth was reasonably foreseeable by the Manufacturing Defendants and/or John Doe 3.

20. As a direct and proximate result of the negligence of the Manufacturing Defendants and/or John Doe 3, Mr. Knoth endured extreme pain and suffering, has incurred medical expenses, will incur further medical expense in the future, sustained a loss of earnings and a loss of future earning capacity, sustained psychological injury and has incurred severe emotional distress.

## COUNT III

### (Loss of Consortium)

21. Plaintiffs incorporate each of foregoing averments as if specifically repeated herein.

22. Mrs. Knoth is, and at all times relevant hereto was, the spouse of Mr. Knoth.

23. As a direct and proximate result of Defendants' negligence, Mrs. Knoth suffered a loss of companionship, consortium and the services of Mr. Knoth.

24. As a further direct and proximate result of Defendants' negligence, Mrs. Knoth has suffered severe emotional distress.

**WHEREFORE,** Plaintiffs pray for such compensatory and punitive damages as they shall prove at trial, along with costs, attorneys fees, interest from the date of injury and all other appropriate relief.

## JURY DEMAND

Plaintiffs demand a trial by a jury of the maximum number of jurors allowable by law to hear the issues of this case.

Respectfully submitted,

David H. Wallace (0037210)
(E-mail: dwallace@taftlaw.com)
Charles A. Bowers (0064075)
(E-mail: cbowers@taftlaw.com)
TAFT, STETTINIUS & HOLLISTER LLP
3500 BP Tower
200 Public Square
Cleveland, Ohio 44114-2302
(216) 241-2838
(216) 241-3707 (fax)

Attorneys for Plaintiffs