## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **RICHARD M. KNOTH, et al.,** ) | Case No. 1:04 CV 45 |
| ) | |
| **Plaintiff,** ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **STIPULATED DISMISSAL ENTRY** |
| ) | |
| **KELLER LADDERS, INC.,** ) | |
| **aka KLI, Inc., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

On January 9, 2004, Plaintiffs Richard M. Knoth and his wife Patricia A. Knoth filed a three-count complaint against Defendants Keller Ladders, Inc., aka KLI, Inc. (together, "KLI"), Jacuzzi Brands, Inc. ("Jacuzzi"), and Werner Co., aka Werner Ladder Co. (together, "Werner"), arising from injuries sustained by Richard Knoth when he fell from a ladder on December 8, 2001.

On June 29, 2005, three months after discovery concluded and the day before Plaintiffs were required to submit their expert report, Plaintiffs filed a document entitled "Plaintiffs' Motion for Voluntary Dismissal [ ] to Rule 41(a)(2) (hereafter "Plaintiffs' Rule 41(a)(2) Motion"). *ECF No. 58*. As the sole basis for their Motion, Plaintiffs stated that "Mr. Knoth is still treating for his injuries and is unable to ascertain the full extent of his damages." *Id.*, at 1.

Also on June 29, Defendant Werner filed a motion for summary judgment. *ECF No. 57*. On June 30, Defendants KLI and Jacuzzi filed a joint motion for summary judgment, *ECF No. 59*, and a brief in opposition to Plaintiffs' Rule 41(a)(2) Motion, *ECF No. 60*.

The Court held a telephone conference with counsel on July 6, 2005, at which time counsel agreed to the following:

1. Defendant Werner is **DISMISSED WITH PREJUDICE**.

2. Defendants KLI and Jacuzzi are **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiffs have six months to re-file their claims; however, they may re-file only under the following two conditions:

    a. Plaintiffs must file contemporaneously with the complaint the report of a liability expert;

    and

    b. If Plaintiffs re-file a claim against Defendant Jacuzzi, they must file contemporaneously with the complaint a statement clearly setting forth the basis for liability against Jacuzzi.

**IT IS SO ORDERED.**

 */s/Dan Aaron Polster     7/20/2005*
**Dan Aaron Polster**
**United States District Judge**